

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00184-CR

OSCAR GARCIA LOPEZ

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Oscar Garcia Lopez of burglary of a habitation with intent to commit aggravated assault with a deadly weapon and assessed his punishment at fifty years' confinement. In a single point, Lopez argues that the trial court erred by denying his motion for a mistrial. We will affirm.

Cynthia Mendoza and her daughter visited David Miramontez at his house on February 14, 2008. Mendoza was married to Lopez at the time, but they had

----

[1]*See* Tex. R. App. P. 47.4.

been separated for several years, and Mendoza was seven months pregnant with Miramontez's baby. Just after Mendoza and Miramontez sat down on the couch, Lopez—uninvited—walked through the front screen door, came towards Miramontez, pulled a knife out of his pocket, and began stabbing Miramontez. Miramontez managed to run out of the house, but Lopez chased him down and continued stabbing him before fleeing the scene. Miramontez survived the attack, despite suffering approximately fourteen to seventeen stab wounds. Police apprehended Lopez two years later.

During trial, the State questioned Mendoza on redirect about an incident that occurred in 2007 involving Lopez and Miramontez. When the State questioned Mendoza if she was "aware if [Lopez] was actually convicted of the offense of aggravated robbery with a deadly weapon," Mendoza responded "Yes," but Lopez objected, asked the trial court to instruct the jury to disregard the testimony, and moved for a mistrial. The trial court sustained Lopez's objection, instructed the jury to disregard Lopez's testimony, and denied the motion for a mistrial.

Lopez argues in his only point that the trial court erred by denying his motion for a mistrial because the trial court's instruction to disregard the extraneous-offense evidence was insufficient to cure the harm caused by the introduction of the evidence.

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the

2

trial court abused its discretion by denying the mistrial. *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). A mistrial is required only in extreme circumstances—when the prejudice caused by the improper question and answer is incurable, i.e., "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000). In most instances, an instruction to disregard will cure the alleged harm. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001). We consider the following factors in determining whether the trial court abused its discretion by denying a motion for a mistrial: (1) the severity of the misconduct, (2) curative measures, and (3) the certainty of conviction absent the misconduct. *Hawkins*, 135 S.W.3d at 77; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

Although the State's question about Lopez's prior conviction for aggravated robbery was improper,[2] the record does not demonstrate that the prosecutor's query was calculated to inflame the minds of the jury, the trial court immediately instructed the jury to disregard the testimony, the State did not ask any follow-up questions about the prior conviction, neither side mentioned the prior conviction during closing arguments, the trial court instructed the jury in the charge on guilt that it could consider extraneous-offense evidence only if it

---

[2]The trial court sustained Lopez's objection before he even had a chance to say "extraneous offense."

believed beyond a reasonable doubt that Lopez committed such acts, and the certainty of Lopez's conviction absent the improper question and answer was high. *See Hawkins*, 135 S.W.3d at 77. Accordingly, we hold that the trial court did not abuse its discretion by denying Lopez's motion for a mistrial. We overrule Lopez's sole point and affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 19, 2012